(No. 3066—

LUDWIG RUPPERT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed May 11, 1939.*

PAUL D. PERONA and JOSEF T. SKINNER, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks damages from the State in the sum of Five Thousand ($5,000.00) Dollars, alleged to have been caused as indirect damage to property not taken and arising out of the construction of a viaduct by respondent on Spaulding Street in the City of Spring Valley, Illinois. The property in question is at the south edge of Spring Valley and

was bounded by Spaulding Street on the west, on the south by the Chicago, Rock Island & Pacific Railway Company's right-of-way, on the east by the Chicago & Northwestern Railway Company's right-of-way, and on the north by Illinois Street. The latter is in common use by the general public but is an unimproved street. There is an entrance-way to the Northwestern Railroad Station from it, and the Standard Oil Company uses it as an entrance to the Bulk Station which is located east of the Ruppert property. For twenty-five years Illinois Street was used as a means of ingress and egress to the Ruppert property and has been open to the general public during that time. There has been no material change as to such ingress to the Ruppert property from Illinois Street since the construction of the viaduct referred to.

Plaintiff bought the property described in the Petition in 1907. At that time there was a two-story grain elevator on it and a flour and feed shop and three big corn cribs. Also, it had a stub or spur connection with the Northwestern Railway and this railway spur still extends to the property. At the time claimant bought the property the elevator included a little office building and an engine house and was fully equipped to do business. It was not being operated as an elevator but for the storage and shipping out of grain on the Northwestern Railway.

Claimant testified that he bought the property both for the property itself and for the flour, grain and feed business that existed in connection therewith. He paid Six Thousand ($6,000.00) Dollars for the business and the property on the 13th day of June, 1907, and on the 13th day of August, the buildings were destroyed by fire. Same were never rebuilt, but in 1909 or 1910 he contracted to sell the property to a wrench manufacturing company, which began the foundation for a building but soon after abandoned the project. In 1912 Spaulding Street was paved and plaintiff paid Six Hundred One ($601.00) Dollars for the cost of the improvement in front of his property. About 1934 a new bridge was constructed across the Illinois River making an arterial highway of Spaulding Street through the City of Spring Valley. About a year after the bridge was completed a viaduct was built northward from the newly constructed bridge for the purpose of passing over the Rock Island main tracks. This viaduct runs above Spaulding Street and has a gradual grade

which starts forty or fifty feet north of claimant's property, i. e. such elevation starts somewhat north of Illinois Street and the elevation gradually rises until it passes claimant's property. Prior to the construction of the viaduct the paved street, known as Spaulding Street, ended at the Rock Island Railroad and at that time the Ruppert property was at an elevation of about six or seven feet above the road level. This variation in levels changed as one went to the north line of claimant's property, so that the north fifty or sixty feet of the Ruppert property was or could have been accessible from Spaulding Street.

Claimant contends that the remainder of his frontage on Spaulding Street was accessible thereto, and that such possible ingress and egress along the full length of Spaulding Street has been lost by virtue of the construction of said viaduct, and that his property as a result thereof has been damaged in excess of Five Thousand ($5,000.00) Dollars. A number of witnesses have testified respectively for claimant and respondent, both as to the accessibility of the property and its possible use, and as to its value before and after the construction of the viaduct. It is not necessary to review in detail the testimony of each witness. Suffice it to say that from a consideration of all the evidence in the record, it becomes apparent to the court that the property in question, both before the construction of the new bridge over the Illinois River and the new viaduct, and since such construction was completed, is best adapted for storage and factory purposes, and that the possible use thereof for such purposes has not been materially changed by virtue of the construction of the viaduct. Further, that the accessibility of said property has only been affected to a limited degree for it appears that ingress can still be had to the north forty or fifty feet of said premises, from Spaulding Street, and that in order to have had such ingress to the balance of the property prior to the construction of the viaduct, it would have been necessary to have expended a substantial sum to have graded the property so as to permit entrance from said street. Plaintiff paid Six Thousand ($6,000.00) Dollars for the premises as a piece of improved real estate, which at the time was a site of a good business enterprise. We can only estimate the value of the bare real estate, after the grain elevator was destroyed and the flour, feed and grain business

no longer existed, by the price at which plaintiff himself valued the premises at the time of his offer to sell the premises. This, he placed at Two Thousand ($2,000.00) Dollars. The proof of value of said premises prior to the construction of the viaduct, as testified to by some of his witnesses, were frankly the expressions of his own view as suggested to the witnesses, and according to their statements were governed in part by the prospective increase in travel which would be brought past these premises by an improved through highway on the level of Spaulding Street, instead of over a viaduct at a higher elevation along and above such street. This does not form a proper basis upon which to prove the value of the premises before the construction of the improvement in question.

From a consideration of all the evidence in the record, and from a personal inspection of the premises by the court, we conclude that the property has been damaged because of loss of frontage approach, and the interference with ingress to the property from Spaulding Street in the sum of Eight Hundred Fifty ($850.00) Dollars. An award of Eight Hundred Fifty ($850.00) Dollars is hereby made in favor of the claimant.